NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**FUNCTION MEDIA, L.L.C.,**

*Appellant,*

**v.**

**David J. Kappos, Director,**
**UNITED STATES PATENT AND TRADEMARK**
**OFFICE,**
*Appellee,*

AND

**GOOGLE, INC.,**
*Appellee.*

---

2012-1380
(Reexamination No. 95/001,069)

---

Appeals from the United States Patent and Trademark Office, Board of Patent Appeals and Interferences.

- - - - - - - - - - - - - - - - - - - -

**FUNCTION MEDIA, L.L.C.,**

*Appellant,*

**v.**

**David J. Kappos, Director,**
**UNITED STATES PATENT AND TRADEMARK**
**OFFICE,**
*Appellee,*

AND

**GOOGLE, INC.,**
*Appellee.*

————————————

2012-1381
(Reexamination No. 95/001,069)

————————————

Appeals from the United States Patent and Trademark Office, Board of Patent Appeals and Interferences.

————————————

Decided:  March 7, 2013

————————————

JUSTIN A. NELSON, Susman Godfrey, L.L.P., of Seattle, Washington, argued for appellant.  With him on the brief were MAX L. TRIBBLE and JOSEPH S. GRINSTEIN, of Houston, Texas.  Of counsel on the brief was MICHAEL F. HEIM, Heim, Payne & Chorush, L.L.P., of Houston, Texas.  Of counsel were MIRANDA Y. JONES and NIRAJ P. PATEL.

LORE A. UNT, Associate Solicitor, Office of the Solicitor, United States Patent and Trademark Office, of Alexandria, Virginia, argued for appellee, United States Patent and Trademark Office.  With her on the brief were RAYMOND T. CHEN, Solicitor, and SCOTT C. WEIDENFELLER, Associate Solicitor.

JOHN A. DRAGSETH, Fish & Richardson P.C., of Minneapolis, Minnesota, argued for appellee, Google, Inc. With him on the brief were JOHN C. PHILLIPS and JASON W. WOLFF, of San Diego, California.

---

Before MOORE, MAYER, and WALLACH, *Circuit Judges.*

MOORE, *Circuit Judge*

Function Media appeals from the decisions of the Board of Patent Appeals & Interferences (Board) finding unpatentable various claims of U.S. Patent Nos. 7,249,059 and 7,240,025 during an *inter partes* reexamination. Function Media challenges the Board's claim construction and invalidity findings. For the reasons below, we *affirm-in-part*, *vacate-in-part*, and *remand* for further proceedings.

## BACKGROUND

The '059 and '025 patents relate to an electronic advertising system that links sellers and buyers of electronic advertisements. *See, e.g.*, '025 patent, at [57]. The patents disclose a computer system that employs a central controller to read information from user interfaces to facilitate transactions involving electronic advertisements between buyers, sellers, and third-party professionals, *e.g.*, agents of a seller. *Id.* [57], col. 3. l.19–col.4 l.58. Claim 1 of the '059 patent is representative:

A computer system allowing a third party professional to manage, create and publish customized electronic advertisements, for a seller, to internet media venues owned or controlled by other than the seller and other than the third party professional, comprising:

. . .

a third interface to the computer system through *which the third party professional is . . . prompted to input information to create an electronic advertisement* for the seller for publication to the selected internet media venues; . . . and

*a computer controller of the computer system processing and publishing the electronic advertisement* to one or more of the selected internet media venues . . . .

'059 patent, claim 1 (emphases added). The '025 patent claims contain similar limitations but recite that a "seller," instead of a "third party professional," is prompted to "input information to create an electronic advertisement." *E.g.*, '025 patent, claim 1.

Function Media sued Google for infringing the '059 and '025 patents. After a trial, the district court entered judgment that the asserted claims of the '059 and '025 patents were not infringed, that a number of claims were invalid, and that Google failed to prove invalidity of claims 52, 63, 90, and 231 of the '025 patent. *See* Final Judgment, *Function Media, L.L.C. v. Google, Inc.*, No. 2:07-CV-279 (E.D. Tex. Sept. 9, 2011), ECF No. 492, at 1–2 (*Final Judgment*). Function Media appealed, and we recently affirmed every challenged aspect of the district's court judgment. *Function Media, L.L.C. v. Google Inc.*, ---F.3d ---, 2013 WL 516366, at *17 (Fed. Cir. Feb. 13, 2013).

During the pendency of the district court litigation, Google initiated *inter partes* reexaminations of the '059 and '025 patents. The U.S. Patent & Trademark Office (PTO) rejected the claims based on two references, Ad-Force and U.S. Patent No. 5,666,493 (Wojcik). AdForce discloses computer software that allows a user to upload Internet banner images and customize those images for display on an Internet website. Wojcik discloses a software system for managing customer orders and inventory. The PTO rejected most of the claims as anticipated by

AdForce.  For claims 24 and 50 of the '059 patent, the PTO concluded that AdForce in combination with Wojcik rendered those claims obvious.  The Board upheld the rejections, including the rejections of claims 52, 63, 90, and 231 of the '025 patent, and Function Media now appeals.  We have jurisdiction under 28 U.S.C. § 1295(a)(4)(A).

## DISCUSSION

"Anticipation is a question of fact, which we review for substantial evidence, while claim construction is a matter of law, reviewed *de novo*."  *In re Am. Academy of Sci. Tech Ctr.*, 367 F.3d 1369, 1363 (Fed. Cir. 2004) (citations omitted).  Obviousness is a legal question based on underlying factual determinations, including whether a prior art reference is analogous art.  *Graham v. John Deere Co.*, 383 U.S. 1, 17–18 (1966); *In re Klein*, 647 F.3d 1343, 1347 (Fed. Cir. 2011).  We review for substantial evidence the Board's determination that a reference is analogous art.  *Id.*

## I.

Before we address the merits of Function Media's appeal, we discuss the scope of the reexamination proceeding in view of the *Function Media* litigation.  The PTO has not issued a final decision addressing whether it can maintain the reexamination of claims 52, 63, 90, and 231 of the '025 patent after the entry of judgment in the *Function Media* litigation.  Under the version of 35 U.S.C. § 317(b) that governs this appeal, the PTO is barred from maintaining an *inter partes* reexamination of a patent claim once a "final decision has been entered" in a civil action holding that the third-party requester failed to "sustain[] its burden of proving the invalidity" of that patent claim.  Optional Inter Partes Reexamination Procedure Act of 1999, Pub.L.No. 106–113, §§ 4604, 113 Stat. at 1501A–570 (repealed 2012); *Bettcher Indus., Inc. v. Bunzl USA, Inc.*, 661 F.3d 629, 646 (Fed. Cir. 2011).

We have held that this rule only applies when "all appeals have terminated." *Id.* This provision existed to prevent duplicative, harassing actions against a patentee. If a defendant brought an invalidity challenge in a district court litigation and was unsuccessful, it is not permitted to bring the same challenge in an *inter partes* reexamination. This is exactly what happened with claims 52, 63, 90, and 231 of the '025 patent. Defendants challenged the validity of these four claims and lost in the district court. The district court decision became final and appeals were filed. However, there was no appeal regarding the validity of claims 52, 63, 90, and 231.

The PTO explained that it denied Function Media's petition to dismiss from the reexamination claims 52, 63, 90, and 231 of the '025 patent because Function Media's appeal in the district court litigation raised claim construction issues that might impact the validity of those claims. J.A. 7268–70. Function Media has requested that the PTO reconsider its decision on the basis that Google is barred from continuing to litigate its invalidity claims on remand because it failed to appeal from the district court's judgment of no invalidity. *See Odetics, Inc. v. Storage Tech. Corp.*, 185 F.3d 1259, 1275 (Fed. Cir. 1999) (holding that a party's "failure to appeal the judgment of no invalidity precluded the continued litigation of that issue"). Function Media is correct. Google's failure to appeal the determined validity of those claims removed them from any subsequent actions. Regardless, we have now affirmed the district court's judgment in full and have expressly adopted its claim constructions. *Function Media*, 2013 WL 516366, at *6–14, 17. There remains no argument for maintaining these claims in the *inter partes* reexamination in light of the clear preclusion in the statute at issue at the time, 35 U.S.C. § 317(b).

It would be improper for us to address the merits of the Board's findings that claims 52, 63, 90, and 231 of the '025 patent are not patentable. Thus, we vacate the

Board's decision on those claims and remand the case to the PTO for it to rule on Function Media's petition to dismiss.

## II.

We now turn to the merits of Function Media's appeal. Function Media first challenges the Board's claim construction. It argues that the Board wrongly concluded that the claims did not require the central computer controller to create the electronic advertisements. Our court, however, has already concluded that the claims of the '059 and '025 patents do not require the central computer to create the electronic advertisement. *Function Media*, 2013 WL 516366, at *7–8. We specifically held that the creation of the advertisement by "either the seller or the central computer would satisfy the claims." *Id.* at *7. We are bound by that construction. *Hynix Semiconductor, Inc. v. Rambus Inc.*, 645 F.3d 1336, 1350–51 (Fed. Cir. 2011).

Function Media also challenges the factual findings regarding the AdForce and Wojcik references. It asserts that AdForce does not anticipate the claims because it discloses that a user, not the software, creates the electronic advertisements. Regarding the Board's obviousness findings, Function Media argues that a skilled artisan would not have considered Wojcik to be analogous art because the reference relates to processing food orders, not electronic presentations and advertising.

Both arguments are without merit. AdForce discloses a user interface through which a user uploads a graphic, selects an ad style and an ad size, and enters text to accompany the graphic. J.A1183–85. A skilled artisan could glean from this disclosure that the AdForce software creates the advertisement—the software packages the graphic and the accompanying text to create the electronic advertisement displayed on a website. *Id.*

Similarly, substantial evidence supports the Board's finding that Wojcik would have been considered analogous art. Although Wojcik does not specifically relate to electronic advertising, it discloses a computer system for managing the transaction flow relating to various goods and services. J.A. 4603. Based on that disclosure, one of ordinary skill could find that Wojcik is reasonably pertinent to the problem the inventors of the '059 patent set out to solve—managing the flow of electronic advertising transactions between buyers, sellers, and third-party professionals. *See* '059 patent, at [57].

CONCLUSION

We have considered the parties' remaining arguments and conclude that they are without merit. For the reasons stated above, the Board's decisions are

**AFFIRMED-IN-PART, VACATED-IN-PART, AND REMANDED.**

COSTS

Costs to Appellees.