# United States Court of Appeals for the Federal Circuit

---

**FAIRCHILD (TAIWAN) CORPORATION,**
*Appellant*

**v.**

**POWER INTEGRATIONS, INC.,**
*Appellee*

---

2017-1002

---

Appeal from the United States Patent and Trademark Office, Patent Trial and Appeal Board in No. 95/002,009.

---

**ON MOTION**

---

Before LOURIE, MOORE, and REYNA, *Circuit Judges.*

REYNA, *Circuit Judge.*

## O R D E R

Fairchild (Taiwan) Corporation moves the court to remand this case to the Patent Trial and Appeal Board with instructions to vacate certain aspects of its final decision in the underlying *inter partes* reexamination and issue a reexamination certificate. Power Integrations, Inc. opposes the motion. We agree with Fairchild and grant the motion.

Fairchild is the owner of U.S. Patent No. 7,259,972 ("the '972 patent"). In 2008, Fairchild charged Power Integrations with infringement of three patents, including claims 6, 7, 18, and 19 of the '972 patent. The jury's verdict rejected Power Integrations's argument that the '972 patent claims were invalid under 35 U.S.C. § 103 in view of Majid and Balakrishnan and found that the patent claims had been infringed. On appeal, this court upheld the jury's obviousness determination but reversed its findings on infringement, and remanded for further proceedings unrelated to the '972 patent claims. *Power Integrations, Inc. v. Fairchild Semiconductor Int'l, Inc.*, 843 F.3d 1315, 1340–42 (Fed. Cir. 2016).

In June 2012, Power Integrations requested *inter partes* reexamination of claims 1, 2, 5–7, 11, 12, 15, 17–19, 22, 32, 34, and 52–66 of the '972 patent. The examiner rejected all of the claims in the reexamination, including claims 6, 7, 18, and 19, finding those claims unpatentable under § 103(a) in view of TEA1401T and Balakrishnan. In December 2015, the Board issued a decision affirming the examiner's rejection of the claims. After the Board denied Fairchild's request for rehearing, Fairchild appealed to this court in October 2016. Fairchild brought this motion to vacate and remand following the issuance of this court's mandate in *Power Integrations*.

Under the version of 35 U.S.C. § 317(b) (2006) that governs this case, no *inter partes* reexamination proceeding can be brought or "maintained" on "issues" that a party "raised or could have raised" in a civil action arising in whole or in part under 28 U.S.C. § 1338 once "a final decision has been entered" in the civil action that "the party has not sustained its burden of proving the invalidity" of the patent claim. Put simply, "[i]f a defendant brought an invalidity challenge in a district court litigation and was unsuccessful, it is not permitted to bring the same challenge in an *inter partes* reexamination." *Function Media, L.L.C. v. Kappos*, 508 F. App'x 953, 955–56

(Fed. Cir. 2013) (holding that there was no basis for continuing an appeal in light of § 317(b)).

We have held that this restriction applies when "all appeals have terminated." *Bettcher Indus., Inc. v. Bunzl USA, Inc.*, 661 F.3d 629, 646 (Fed. Cir. 2011). That is precisely the situation here. The district court entered judgment against Power Integrations, holding that it failed to prove claims 6, 7, 18, and 19 were obvious over Majid and Balakrishnan. This court affirmed the holding, and the time to petition for a writ of certiorari has passed. Moreover, Power Integrations does not dispute that these obviousness grounds could have been raised in the civil action in which it failed to meet its burden.

While it is true that in *Power Integrations* this court vacated and remanded for additional proceedings, we cannot agree with Power Integrations that this renders the decision not "final" for § 317(b) purposes. Critically, those proceedings are unrelated to the '972 patent. By its terms, § 317(b) is concerned with a final decision "that the party has not sustained its burden of proving the invalidity of any patent claim." And here, Power Integrations does not suggest, nor is there any reason to believe, that any unresolved issue on remand would have any effect on the now-final '972 patent validity determinations.

Nor are we persuaded by Power Integrations's argument concerning the remaining claims that Fairchild appealed. Fairchild has asked the court to consider its appeal concerning the remaining claims abandoned and to remand only those claims at issue in *Power Integrations*. Power Integrations fails to offer any persuasive reason why such request should not be granted. While Fairchild is abandoning independent claims 1 and 15, that has no bearing on the application of § 317(b) here.

On remand, the Board is ordered to dismiss the reexamination of claims 6, 7, 18, and 19 of the '972 patent. Fairchild has abandoned its appeal of the decision affirm-

ing the rejection of claims 1, 2, 5, 11, 12, 15, 17, 22, 32, 34, and 52–66, and therefore the Board is further ordered to enter a reexamination certificate invalidating those claims.

Accordingly,

IT IS ORDERED THAT:

(1) The motion is granted. The case is remanded for further proceedings consistent with this order.

(2) Each side shall bear its own costs.

(3) Pursuant to Federal Circuit Rule 41, this order shall constitute the mandate.

FOR THE COURT

  April 21, 2017  
        Date

/s/ Peter R. Marksteiner
Peter R. Marksteiner
Clerk of Court